NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CAITLIN F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, *Appellee*.

No. 1 CA-JV 20-0127
FILED 9-1-2020

---

Appeal from the Superior Court in Yavapai County
No.  P1300JD201900084
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1        Caitlin F. ("Mother") appeals the juvenile court's dependency order related to her daughter, E.W., born in 2011.  Because reasonable evidence supports the court's finding, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother has two adult children, M.F. and L.F.  Before E.W.'s birth, Mother lived in North Carolina with M.F. and L.F.  After M.F. accused her father of sexually assaulting her, Mother moved both children to Arizona, met E.W.'s father ("Father") and gave birth to E.W.

¶3        Father entered a no contest plea to the Amended Dependency Petition at the adjudication hearing on March 2, 2020, and is not a party to this appeal.  Father has been accused or convicted of harming both M.F. and E.W.  He pled guilty to child abuse after hitting E.W. in 2014.  Mother caught Father "peeping on" 15-year-old M.F. in 2016.  In 2018, Mother discovered Father "taking inappropriate pictures" of 17-year-old M.F.  Mother confronted Father, about the "peeping," but did not contact law enforcement or disclose Father's actions to M.F. because she thought they were "not out of the ordinary."  Mother allowed Father to continue living in the home with M.F. and E.W., and Father's voyeurism of M.F. continued.  Father was later indicted on multiple counts of voyeurism and at the time of the dependency hearing, was awaiting trial.

¶4        Mother brought E.W. to an urgent care facility in October 2019, when E.W. was eight years old, with symptoms Mother believed were consistent with herpes.  Mother later admitted that E.W. also suffered from symptoms consistent with vaginitis since 2017 but had never received medical treatment.  Mother told a police investigator she could not rule out that Father transmitted herpes to E.W.  When police questioned Father, he conceded that he could have transmitted herpes to E.W., claiming he could not remember what he did when he was drunk.  E.W. eventually tested negative for any sexually transmitted disease.

¶5        Despite Mother's knowledge of Father's sexual deviance toward M.F., his prior abuse of E.W., his blackouts when drinking, and her consciousness of the possibility that the abuse of M.F. was ongoing, she did not restrict Father's access to E.W.  In the fall of 2019, Department of Child Safety ("DCS") implemented a safety plan prohibiting Father from unsupervised contact with E.W. and subsequently filed a dependency petition alleging E.W. was dependent as to Mother due to neglect and abuse.  The court held a temporary custody hearing the day after the dependency petition was filed.  DCS presented evidence that Mother failed to seek an order of protection against Father and refused the in-home services DCS offered.  Because of Mother's inaction, E.W. remained in DCS' temporary custody, and the court ordered Mother to file for custody of E.W. and seek temporary orders in family court.

¶6        At the March 2, 2020 adjudication hearing, Mother presented evidence that she was engaging in some DCS services but had not begun family counseling or completed a psychosexual evaluation.  DCS presented evidence that, as of February 2020, Mother did not fully understand why she was involved with the Department because she believed she had protected E.W. to the best of her ability, even though E.W. disclosed things to Mother that should have raised concerns about Father.  The court found E.W. dependent as to Mother based on Mother's inability to protect E.W.  Mother timely appealed.  This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1) (2020).

## DISCUSSION

¶7        We review the appeal from a dependency finding for abuse of discretion.  *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016).  We view the evidence in the light most favorable to sustaining the juvenile court's findings and will accept the trial court's findings unless no reasonable evidence supports them.  *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235, ¶ 21 (App. 2005).

¶8        On appeal, Mother argues the court erred by considering only her inability to protect E.W. before the dependency petition instead of evaluating the circumstances at the time of the dependency trial.  In support of this argument, Mother relies on *Shella H.*, 239 Ariz. at 50, ¶ 12.  There, the court considered a long history of domestic abuse between Mother and Father and concluded the children were dependent as to Mother.  *Shella H.*, 239 Ariz. at 50, ¶ 14.  The court reasoned that while historical behavior alone cannot be the basis for a dependency, it can be considered when evaluating

the present risk of harm to children if the risk to children remains at the time of the hearing or a parent has not acknowledged or addressed the risk. *Id.* at 51, ¶ 17. The court held that "[a]lthough the juvenile court articulated the wrong moment in time when dependency must be found to have existed, . . . it ultimately concluded 'Mother *is* unable to provide for her children.'" *Id.* Similarly, in this case, while the court considered Mother's history of failing to protect E.W., it made sufficient findings that Mother's neglect presented an ongoing and current risk of harm to E.W.

¶9　　　　Reasonable evidence supports the superior court's conclusion that Mother is unable to protect E.W. Father has a history of abuse, sexual deviancy, and blackout drinking. Similarly, Mother has a history of minimizing Father's risk to E.W., and continuing to allow him to live with and spend unsupervised time with E.W. Additionally, Mother failed to seek adequate medical care for E.W., did not involve law enforcement when Father's actions endangered E.W. and failed to understand, even after the dependency petition was filed, how her inaction placed E.W. at risk. Based on Mother's history and her failure to complete all recommended DCS services, the court reasonably concluded Mother had not sufficiently resolved the deficiencies in her protective capacity at the time of trial.

## CONCLUSION

¶10　　　　Reasonable evidence supports the superior court's dependency finding. For this reason, we affirm the court's order finding E.W. dependent as to Mother.

